IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SYLVESTER EUGENE WILLIAMS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-109-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner SYLVESTER EUGENE WILLIAMS challenging the constitutionality of a state prison disciplinary proceeding. For the following reasons, petitioner's application for federal habeas corpus relief should be DENIED.

I.
CUSTODY

Petitioner is in respondent's custody pursuant to two (2) state court convictions: (1) an August 8, 1986 conviction for the felony offense of burglary of a habitation with intent to commit sexual assault, and the resultant 60-year sentence; and (2) an October 3, 1995 conviction for the felony offense of aggravated assault of a correctional officer, and the resultant 4-year sentence ordered to run consecutively to the 60-year sentence. Petitioner is confined in the Clements Unit in Potter County, Texas and was so confined at the time he filed the instant application for federal habeas relief.

II.
## CURRENT FEDERAL HABEAS CORPUS PROCEEDINGS[1]

On May 2, 2017, in Cause No. 2:17-CV-83, petitioner filed with this Court a petition for federal habeas corpus relief challenging his 1995 conviction for aggravated assault of a correctional officer. By this habeas application, petitioner contends his conviction and the resultant 4-year consecutive sentence are unconstitutional because:

1. Petitioner was denied effective assistance of counsel during the 1995 criminal proceeding because counsel failed to inform petitioner of the effect a new aggravated assault conviction and consecutive sentence would have upon the execution of, and calculation of time toward, his existing 60-year sentence for burglary of a habitation and his overall time in confinement; and

2. The terms of the plea bargain agreement that resulted in his 1995 guilty plea and conviction for aggravated assault have been violated by the *ex post facto* application of Texas Government Code § 509.149(a).[2]

On this date, the undersigned has entered findings, conclusions and a recommendation to deny this habeas petition as time barred by the statute of limitations.

On June 15, 2017, petitioner filed with this Court the instant *Petition for a Writ of Habeas Corpus by a Person in State Custody* pursuant to 28 U.S.C. § 2254. By his federal habeas application, petitioner challenges a March 7, 2017 prison disciplinary proceeding conducted at the Clements Unit in Potter County, Texas, that resulted in the loss of 360 days previously accrued good time. *See* Disciplinary No. 20170189926. Petitioner was eligible for release to mandatory supervised release on the date of his prison disciplinary proceeding, as well as the date he filed the instant habeas application, and is currently eligible for such release.[3]

---

[1] Over the years, petitioner has filed numerous petitions for federal habeas corpus relief with several federal courts in the state of Texas.

[2] Section 509.149(a) of the Texas Government Code, effective May 23, 1997, re-codified Tex. Crim. Proc. art. 42.18, § 8(c) which, since September 1, 1987, had prohibited the release of a prisoner to mandatory supervision if he was serving a sentence for, *inter alia*, a second degree or third degree aggravated assault.

[3] Respondent confirms petitioner's eligibility for mandatory supervised release. [ECF 11 at 3]. The current online *Offender Information Detail* maintained by respondent reflects petitioner's projected release date (his anticipated mandatory supervised

III.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated as a result of the disciplinary decision because he was not at the location specified, on the date specified, in the offense report and, thus, could not have committed the alleged offense. The undersigned construes petitioner's claim to be that the evidence was insufficient to show he committed the alleged disciplinary violation.

IV.
RESPONDENT'S ANSWER

On August 16, 2017, respondent filed a *Preliminary Response* to petitioner's habeas application arguing this Court lacks jurisdiction in this case because petitioner's habeas application is successive. [ECF 11 at 2]. Respondent argues the instant habeas petition is successive because petitioner could have brought his claim challenging the March 7, 2017 disciplinary proceeding in his May 2, 2017 federal habeas application challenging his 1995 conviction because "he knew of the facts underlying the claim[s] at that time." [*Id*. at 5-7]. Specifically, respondent argues petitioner knew the factual predicate of his claim when the disciplinary hearing was concluded on March 7, 2017, and his Step 1 and 2 grievances were denied prior to the filing of his May 2, 2017 federal habeas application. Respondent maintains that "[s]ince the alleged errors challenged by [petitioner] occurred before he made his first habeas filing, his second federal habeas petition was successive under [the] AEDPA." Respondent concludes that "[b]ecause [petitioner] did not bring his disciplinary claims in his initial petition, despite the claims having arose before then, his instant petition is an abuse of the writ and is therefore successive under 28 U.S.C. § 2244(b)." [*Id*. at 8].

Noting only the "appropriate court of appeals" can determine whether a petitioner meets

---

release date, as April 15, 2029.

an exception to the bar on successive petitions, respondent points out petitioner has not received permission from the Fifth Circuit to present the claim raised in this successive petition and argues this Court cannot properly consider the instant petition. [*Id.*, citing 28 U.S.C. § 2244(b)(3)(A).] Respondent states that because the instant habeas application is successive, she will not address whether the instant habeas petition should be consolidated with Cause No. 2:17-CV-83 challenging petitioner's 1995 aggravated assault conviction. Respondent did not answer petitioner's allegations or address any additional issues. Petitioner did not file a reply to respondent's preliminary response.

A petition that is second in time is not necessarily a successive application for purposes of the AEDPA. Before a petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice. *See In re Slack*, 529 U.S. 473, 486 (2000) (because an initial habeas petition was not adjudicated on the merits, the second petition was not successive and the petitioner did not need to obtain the appellate court's authorization to file the petition). Here, respondent contends the instant habeas application is successive to petitioner's habeas petition in Cause No. 2:17-CV-83. The merits of the claims in Cause No. 2:17-CV-83, however, had not been adjudicated nor had the case been dismissed by this Court when the instant habeas application was filed. The undersigned does not find this habeas petition was successive or that this Court is without jurisdiction to rule in this case. *Cf. Castaneda v. Davis*, 2018 WL 3489616 (S.D. Tex. June 25, 2018).

V.
STANDARD OF REVIEW

Petitioner directly asserts, and relies solely on, an insufficiency of the evidence claim. Federal habeas review of the sufficiency of the evidence to support a prison disciplinary ruling is extremely limited. Disciplinary determinations "will not be disturbed unless they are arbitrary

and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Due process requires only that there be "some evidence" in the record to support a prison disciplinary decision, and prison disciplinary decisions are overturned only where no evidence in the record supports the decision. *Broussard v. Johnson*, 253 F.3d 874, 876-77 (5th Cir. 2001). Consequently, this Court does not conduct a *de novo* review of the disciplinary proceedings; rather, this Court's role on review is only to "examine if the guilty finding has the 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

## VI.
## MERITS

According to the *TDCJ Disciplinary Report and Hearing Record*, it was alleged that on February 26, 2017 at 11:05 a.m. in the BC Inmate Dining Room (specifically BC 7 chow hall), petitioner "threatened to inflict harm on [Correctional] Officer A. Gwin, and "did intentionally take [a] loaf of bread, such property then belonging to the state." [ECF 3 at 11]. Upon committing the alleged offense, petitioner was placed in pre-hearing detention that same date. [*Id.*] On the morning of March 1, 2017, petitioner was provided notice of a disciplinary hearing scheduled for March 7, 2017 and petitioner indicated, in writing, that he wanted to attend the hearing. [*Id.*].

At the March 7, 2017 hearing, petitioner pleaded not guilty to the two charged offenses. The Disciplinary Hearing Officer (DHO), in the *TDCJ Disciplinary Report and Hearing Record*, provided a summary of petitioner's statement concerning the alleged disciplinary offenses:

> I was in the chow hall. Officer Gwin came up to me and asked me for my I.D. four or five times while SH Gray was watching. Officer Gwin was bumping me and pushing me so I went ahead and got out of the way.

[*Id.*]. The DHO also summarized the accusing officer's testimony as follows:

> I was working the chow hall. Officer Garcia witnessed [petitioner] take the loaf of bread. He was ordered by Officer Garcia to come back with the bread and I.D.

> He was trying to leave the chow hall. He . . . [undecipherable] . . . the bread … [indecipherable] . . . the kitchen. The . . . [undecipherable] . . . the order to give his ID. He then walked back to the middle of the chow hall and made the threatening statement. I didn't push him. I put my hands on him after the threat.

[*Id*.]. Petitioner does not specifically challenge the accuracy of these summarizations.

The DHO found petitioner guilty of both stealing and threatening to inflict harm on an officer, indicating he relied on the accusing officer's testimony in finding petitioner guilty. [*Id*.]. The DHO then assessed punishment that included the loss of 360 days previously accrued good time, indicating as reasons for the punishment the nature of the offense and petitioner's disciplinary history. [*Id*.].

Despite his previous statement concerning the events that resulted in the disciplinary charges being brought against him, petitioner argued in his Step 1 grievance that on the date and time of the alleged offense, he was in Pretrial Detention in Building 11, Cell 2, not the chow hall. [*Id*. at 12]. In response to the grievance, the Assistant Warden reviewed the disciplinary case and found:

> The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. Evidence shows that you did threaten to inflict harm on an officer and you did intentionally take a loaf of bread that belonged to the state. All due process requirements were satisfied and the punishment assessed by the [DHO] was within guidelines. No further action is warranted.

[*Id*. at 13]. Petitioner asserted the same claim in his Step 2 grievance. [*Id*. at 14]. In response to the grievance, the Assistant Warden reviewed the disciplinary case and found:

> The hearing records support the guilty finding. The punishment was within established guidelines and no due process errors [are] identified. <u>Your statement revealed that you were in the chow hall and she asked for your ID.</u> No further action is warranted by this office.

[*Id.* at 15]. In the instant habeas application, petitioner again contends he "was not in the chow hall on 2-26-17 to have threatened an officer and stole a loaf of bread. I was in P.H.D."

Petitioner's express admissions in his statement, in addition to the charging officer's

Offense Report and testimony, clearly constituted "some" evidence to support the DHO's disciplinary ruling that petitioner was guilty of the Level 1, Code 4.0 and Level 2, Code 17.0 disciplinary offenses of threatening to inflict harm on an officer and stealing. Petitioner's subsequent assertion directly contradicting his previous statement are conclusory and otherwise unsupported. This is not a case where "no evidence" exists to support the DHO's finding of guilt. In reviewing this case to determine if the guilty finding has the "support of some facts" or "any evidence at all" the undersigned finds there is sufficient evidence to support the disciplinary ruling. Petitioner's sole ground that the evidence was insufficient to show he committed the alleged offenses is without merit. Petitioner's claim should be DENIED.

## VII.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner SYLVESTER EUGENE WILLIAMS be DENIED.

## VIII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 16, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the

event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).